## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

John Briand

     v.                                    Civil No. 19-cv-877-LM
                                              Opinion No. 2021 DNH 024 P
Town of Conway et al.


## **O R D E R**

Proceeding pro se, John Briand brings this 42 U.S.C. § 1983 action against the Town of Conway (the "Town"), David S. Pandora, and Thomas Holmes.[1]  Briand filed an amended complaint on May 19, 2020, alleging that Pandora required Briand to remove a car lift and a membrane tent from land he owns within the boundaries of the Town's Floodplain Conservation Overlay District.  Briand concedes that the Town's applicable zoning ordinances and other regulations prohibit the placement of such structures on his land.  However, he alleges that other landowners in the Floodplain Conservation Overlay District have placed similar structures on their properties, and that defendants have not required the removal of those other structures.  Briand asserts that, by selectively requiring his compliance with the Town's regulations and by threatening to impose fines "without due process" in the event of his noncompliance, defendants violated his "right to life,

---

[1]  Pandora is a building inspector for the Town of Conway and Holmes is its Town Manager.  Briand brings his claims against Pandora and Holmes in both their individual and their official capacities.

liberty and the pursuit of happiness" as guaranteed under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.  Briand does not otherwise specify the nature of his claims in this action.

Defendants move to dismiss Briand's claims.  Briand objects.  For the reasons discussed below, the court construes Briand's amended complaint as intended to state an equal protection claim and a procedural due process claim, and grants defendants' motion to dismiss (doc. no. 17) as to both claims.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), the court must accept the factual allegations in the complaint as true, construe reasonable inferences in the plaintiff's favor, and determine whether the factual allegations in the complaint set forth a plausible claim upon which relief may be granted.  See Breiding v. Eversource Energy, 939 F.3d 47, 49 (1st Cir. 2019).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## FACTUAL ALLEGATIONS

Except where otherwise noted, the following facts are drawn from Briand's amended complaint (doc. no. 16).  In addition, the court takes judicial notice of certain adjudicative facts contained in the Municipal Code of the Town of Conway, pursuant to Federal Rule of Evidence 201.

Briand owns land in the Town.  Briand's land falls within an area Briand refers to as the "Transvale Acres" community, which in turn falls within an area the Town has designated as its Floodplain Conservation Overlay District.  It appears that the Transvale Acres community was originally developed as a seasonal campground, but that some parcels of land within the community may have been approved (or grandfathered in) for different uses.

The Town's zoning ordinances prohibit landowners from placing "structures" anywhere in the Floodplain Conservation Overlay District, where "structure" is defined in relevant part as "[a]nything constructed or erected" on the ground or as "an attachment to something having a fixed location on the ground."  Conway Mun. C. §§ 190-26(B), 190-31.  The Town's public health regulations also prohibit landowners from placing such "structures" on land designated solely for camping.  See Conway Mun. C. § 99-3(F)(5).  The Town's public health regulations additionally provide that "residential use" of areas designated for camping is "strictly prohibited," and that land designated for camping "shall not be occupied . . . for more than 180 calendar days per year."  Id. §§ 99-3(F)(7), 3(F)(8).  Finally, the Town's public health regulations provide that only one "camping unit" shall be allowed on any lot designated for camping, and that any such camping unit must be "readily transportable in the case of a flood or other emergency."  Id. § 99-3(F)(1).  A "camping unit" is defined for purposes of the Town's public health regulations as a tent or other structure "developed, marketed and used by the camping trade for use

as temporary living quarters or shelter during periods of recreation, vacation, leisure time, or travel." Id. § 99-8.

Briand purchased his land in Transvale Acres pursuant to a warranty deed which provided that only one "dwelling," and no residential building costing in excess of $4,000, could be erected on the land. Briand subsequently placed a "membrane tent" costing less than $4,000 on the land. It further appears that Briand also placed a car lift there.

On June 13, 2019, Briand received a letter from Town building inspector Pandora directing him to remove the car lift. On June 27, 2019, Briand received a Notice of Violation of the Town's zoning ordinances, together with a second letter from Pandora. The second letter directed Briand to remove both the car lift and the membrane tent from his property, advising him that he would be subject to fines in the amount of $225 per day of noncompliance. On July 17, 2019, Briand received a second Notice of Violation of the Town's zoning ordinances, again directing Briand to remove the car lift and membrane tent from his land in the Floodplain Conservation Overlay District. The second Notice of Violation advised Briand that in the event of his noncompliance, he would face fines of $275 per day "for the first offense" and $550 per day "for each subsequent offense."

On July 23, 2019, Briand met with Pandora at Pandora's personal residence to discuss the Town's zoning ordinances. Pandora discouraged Briand from appealing to the Town's Zoning Board of Adjustment, stating that such appeal would be futile because the Board would follow Pandora's recommendation in

matters involving the Floodplain Conservation Overlay District.  The following day, Briand removed the car lift and the membrane tent from his land, successfully avoiding the imposition of fines.

Other landowners have erected membrane tents or constructed additions to existing structures on land located in Transvale Acres.  The Town has not required the removal of these other landowners' membrane tents or additions.

Based on these allegations, Briand asserts that the defendants[2] are liable under Section 1983 for the violation of his Fifth, Eighth, and Fourteenth Amendment rights.

## DISCUSSION

Defendants argue that Briand's amended complaint should be dismissed in its entirety for failure to comply with the pleading requirements of Federal Rule of Civil Procedure 8(a).  Defendants alternatively argue that, to the extent Briand may intend to state a Fourteenth Amendment equal protection or procedural due process claim, he has failed to allege the required elements of those claims.  As to Briand's claims against Pandora and Holmes in their official capacities, defendants additionally argue that the claims are subject to dismissal because the Town of Conway is the real defendant in interest.  Finally, as to Briand's claims against

---

[2] Briand's only allegations specifically regarding Holmes are that he "allowed" Pandora to enforce the Town's ordinances and regulations against Briand and that he is liable for Pandora's actions as Pandora's supervisor.  Briand's only allegations regarding the Town are that it promulgated the ordinances and regulations at issue and "financed" Pandora's complained-of conduct.

Holmes, defendants further argue that the claims must be dismissed because Holmes's only alleged involvement in the complained-of conduct is as Pandora's supervisor, and there is no supervisory liability under Section 1983.  Briand objects in general terms to all of defendants' arguments.  The court addresses each argument below.

I.      Federal Rule of Civil Procedure 8(a)

Pursuant to Federal Rule of Civil Procedure 8(a), a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The purpose of the Rule 8(a) pleading standard "is to give a defendant fair notice of the claim and its basis as well as to provide an opportunity for a cogent answer and defense."  Belanger v. BNY Mellon Asset Mgmt., LLC, 307 F.R.D. 55, 57 (D. Mass. 2015); see also Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006).  To satisfy the requirements of Rule 8(a), a claim for relief need only "be stated with brevity, conciseness, and clarity."  Charles Alan Wright and Arthur R. Miller, 5 Federal Practice and Procedure, § 1215 (3d ed. Apr. 2017 update).  District courts have broad discretion to dismiss a complaint that fails to comply with Rule 8(a)'s requirements.  See Kuehl v. F.D.I.C., 8 F.3d 905, 908 (1st Cir. 1993).

Here, the amended complaint states that Briand's right to relief in this action arises under 42 U.S.C. § 1983, and that his rights at issue are guaranteed under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.  See

id. at 3, 6, 7.  The amended complaint additionally alleges that Briand suffered deprivation of "his right to life, liberty and the pursuit of happiness."  Doc. no. 16 at 6.

Although the courts afford pro se litigants' submissions a liberal construction, see Haines v. Kerner, 404 U.S. 519, 520-521 (1972), pro se plaintiffs are not exempt from compliance with procedural rules, see Rivera v. Riley, 209 F.3d 24, 28 n.2 (1st Cir. 2000).  "Even a pro se complainant is required to describe the essential nature of the claim and to identify the core facts on which it rests."  Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996).  However, courts normally invoke the dismissal sanction to remedy violations of Rule 8(a) only where "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised," such that it would be "unreasonable to expect defendants to frame a response to it."  Sayied v. White, 89 Fed. App'x 284, 2004 WL 489060, at *1 (1st Cir. 2004) (internal quotation marks omitted) (quoting Salahuddin v. Cuomo, 861 F.2d 40, 42 (2nd Cir. 1988)).

Although Briand's amended complaint lacks a plain statement describing the nature of his claims, at least some operative facts are readily discernable from Briand's pleading.  That factual context permits defendants to make reasonable inferences regarding the claims Briand most likely intends to bring (as defendants' cogent motion establishes).  Specifically, defendants glean from Briand's pleading that he likely intends to bring an equal protection claim and a due process claim. The court agrees with defendants' construction of Briand's amended complaint as

alleging:  (1) that defendants "singled out the plaintiff" for selective enforcement of the Town's ordinances and regulations, doc. no. 16 at 5, 7, suggesting that he intends to state an equal protection claim; and (2) that defendants attempted to subject him to "excessive fines without due process," id. at 6, 7, suggesting that he intends to state a procedural due process claim.

Because the nature of Briand's claims may be inferred from his pleading with sufficient certainty to permit defendants to offer a reasoned response, the court declines to dismiss Briand's amended complaint under Rule 8(a).

## II.   Failure to State a Claim

As noted, the court construes Briand's complaint as stating an equal protection claim and a procedural due process claim.  However, for the reasons explained below, Briand's allegations are insufficient to support either claim.

### A.   Equal Protection

Briand alleges that defendants "maliciously and negligently singled out the plaintiff" for selective enforcement of the Town's zoning ordinances and public health regulations, by requiring him to remove structures from his land in the Floodplain Conservation Overlay District while not requiring other landowners to remove similar structures from their neighboring land.  Doc. no. 16 at 5.  He does not allege that defendants did so because he is a member of any of the classes

traditionally protected by the Equal Protection Clause of the Fourteenth

Amendment, but rather that they did so in order "to seek their own desires." Id.

> The Equal Protection Clause is usually deployed in cases involving
> state or local curtailment of personal constitutional rights (e.g., against
> racial discrimination) and ordinarily against generic distinctions made
> in statutes or regulations.  But economic interests can also be
> protected, although more latitude is allowed to the government; and
> individual inequalities, as opposed to ones imposed generically, are
> potentially—although not easily—reached by so-called "class of one"
> discrimination claims.

Rectrix Aerodrome Ctrs., Inc. v. Barnstable Mun. Airport Comm'n, 610 F.3d 8, 15

(1st Cir. 2010) (citations omitted).  However, the decisions of the First Circuit cast

considerable doubt on the viability of "class of one" equal protection claims in the

context of land-use disputes between property owners and local government

agencies.  See PFZ Properties, Inc. v. Rodriguez, 928 F.2d 28, 32-33 (1st Cir. 1991);

Nestor Colon Medina & Sucesores, Inc. v. Custodio, 964 F.2d 32, 43-45 (1st Cir.

1992).  In PFZ Properties, the First Circuit affirmed, in the land-use dispute

context, "that an equal protection claim 'may be presented in situations involving

gross abuse of power, invidious discrimination or fundamentally unfair

procedures.'"  PFZ Properties, 928 F.2d at 32 (quoting Creative Env'ts, Inc. v.

Estabrook, 680 F.2d 822, 832 n.9 (1st Cir. 1982)).  However, absent either

discrimination on the basis of "an invidious classification such as race or sex" or

"egregious procedural irregularities or abuse of power," the court found that a

dispute over an agency's land-use decisions could not "conceivably ris[e] to the level

of a federal equal protection violation."  Id.  The court held that, to state an equal

protection claim, a plaintiff must offer "allegations reflective of more fundamental

discrimination." Id. at 33; see also SFW Arecibo, Ltd. v. Rodriguez, 415 F.3d 135, 142 (1st Cir. 2005) (explaining that "a land use dispute may give rise to an equal protection claim in extreme circumstances," as where the plaintiff alleges "facts that suggest invidious discrimination based on a prohibited category" or "an egregious procedural irregularity or abuse of power"). No such allegations are present here. Here, Briand alleges only that defendants took action to enforce a zoning ordinance enacted to prevent the installation of permanent structures in a floodplain.

Moreover, assuming for the sake of argument that the First Circuit would recognize a "class of one" equal protection claim in the context of a land-use dispute, Briand has not adequately alleged that he was treated differently from others similarly situated. "A claim for a class of one equal protection violation is cognizable when—and only when—a plaintiff alleges that []he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." SBT Holdings, LLC v. Town of Westminster, 547 F.3d 28, 34 (1st Cir. 2008) (quoting Cordi-Allen v. Conlon, 494 F.3d 245, 250 (1st Cir. 2007)) (internal quotation marks omitted). "[T]he burden [is] on the plaintiff in [a] class-of-one case[ ] to show . . . identity of entities and circumstances to a high degree." Rectrix, 610 F.3d at 16. Thus, "[t]o carry the burden of proving substantial similarity, 'plaintiffs must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves.'" Cordi-Allen, 494 F.3d at 251 (quoting Clubside, Inc. v. Valentin, 468 F.3d 144, 159 (1st Cir. 2006)). Here, Briand has failed to allege identity of

circumstances with his "neighbors" who have been permitted to maintain membrane tents or other structures on their land.  That is, he alleges no facts suggesting that his neighbors' land has not been "grandfathered" or otherwise approved by town officials for uses that would permit the installation of permanent structures, or that his neighbors do not benefit from zoning variances granted by the town's Zoning Board of Adjustment (as is expressly permitted under the Town's Floodplain Conservation Overlay District ordinance, see Conway Mun. C. § 190-26(D)).  Absent any such allegations, Briand has not met his burden to allege the requisite high degree of similarity with his comparators.

B.   Procedural Due Process

Briand alleges that defendants threatened to impose "excessive fines without due process" in the event he refused to remove the car lift and membrane tent from his land in the Floodplain Conservation Overlay District.  Doc. no. 16 at 6, 7.  "To establish a procedural due process violation, the plaintiff 'must identify a protected liberty or property interest and allege that the defendants, acting under color of state law, deprived him of that interest without constitutionally adequate process.'" Gonzalez-Droz v. Gonzalez-Colon, 660 F.3d 1, 13 (1st Cir. 2011) (quoting Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 56 (1st Cir. 2006)) (internal modifications omitted).

Briand has not adequately alleged the requisite protected interest.  Although it may reasonably be inferred from Briand's allegations that he had an ownership

interest in the car lift and membrane tent,[3] he identifies no authority suggesting that he could have had any form of protected interest in keeping his car lift or his membrane tent within the Floodplain Conservation Overlay District, and the court is aware of none.  Indeed, in light of the Town's zoning ordinance prohibiting placement of permanent structures in the District, it appears highly unlikely that Briand could have had any such protected interest.  Absent any factual allegation suggesting that Briand had a protected interest in maintaining the car lift or membrane tent on his Transvale Acres property, he cannot state a procedural due process claim premised on defendants' conduct in requiring him to move them.  The court therefore need not consider whether Briand has adequately alleged the absence of constitutionally adequate due process.


III.     Briand's Claims Against Pandora and Holmes in Their Official Capacities

It is well settled that a suit against a municipal officer in his official capacity is a suit against the municipality itself.  See, e.g., Kentucky v. Graham, 473 U.S. 159, 166 (1985); Surprenant v. Rivas, 424 F.3d 5, 19 (1st Cir. 2005).  Where a plaintiff sues municipal officers and the officers' municipality in the same action, the claims against the municipal officers in their official capacities are redundant and may properly be dismissed.  See Decotiis v. Whittemore, 635 F.3d 22, 26, 38 (1st

---

[3] Although Briand plainly has a protected interest in his ownership of the car lift and the membrane tent, he does not allege that defendants deprived him of the right to own them; he alleges only that defendants required him to remove them from the Floodplain Conservation Overlay District.

Cir. 2011).  Accordingly, because they are duplicative of his claims against the Town, Briand's claims against Pandora and Holmes in their official capacities are subject to dismissal with prejudice.  See id.

IV.   Holmes's Supervisory Liability

Briand's claims against Holmes are expressly predicated on a theory of supervisory liability.  See doc. no. 16 at 6, 7 (alleging Holmes's liability for Pandora's conduct as Pandora's "superior").  However, it is well settled that supervisory liability under Section 1983 cannot be predicated solely on the basis of the supervisor's position of authority over another defendant.  See Penate v. Hanchett, 944 F.3d 358, 367 (1st Cir. 2019).  The courts of the First Circuit recognize only two ways in which a supervisory defendant may be liable under Section 1983.  First, such a defendant may be liable under Section 1983 where the defendant's own actions or omissions caused a deprivation of the plaintiff's constitutional rights.  See id.  Second, a supervisory defendant may be liable if there is such a strong affirmative connection between the supervisor's conduct and the subordinate's conduct that, although the subordinate's conduct was the immediate cause of the deprivation, the supervisor's conduct nevertheless "led inexorably to the constitutional violation."  Id. (quoting Feliciano-Hernández v. Pereira-Castillo, 663 F.3d 527, 533 (1st Cir. 2011).  Here, Briand alleges neither that Holmes directly participated in the deprivation of Briand's rights nor that Holmes's actions or

omissions made Pandora's complained-of conduct inevitable.  For these reasons, Briand fails to state a claim against Holmes in his individual capacity.

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss (doc. no. 17) is granted.  Because the deficiencies the court has identified in Briand's claims against Pandora and Holmes in their official capacities cannot be cured by amendment, those claims are dismissed with prejudice.  In the event Briand believes he can cure the deficiencies the court has identified, he is directed to file a second amended complaint by not later than March 15, 2021.  Such second amended complaint shall state his claims in a manner compliant with Federal Rule of Civil Procedure 8(a) and consistent with the discussion above.  In the event Briand does not file a second amended complaint by March 15, 2021, the court will dismiss the case.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

January 28, 2021

cc:  Counsel of Record